# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS VIVOS,<br><br>Plaintiff,<br><br>v.<br><br>D. MARTINEZ, et al.,<br><br>Defendants. | No. 2:21-CV-0837-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the Plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) D. Martinez; (2) John Doe #1; (3) John Doe #2; (4) John Doe #3; and (5) Sgt. Phillips. See ECF No. 1, pg. 1. According to Plaintiff, the events giving rise to the complaint occurred at California State Prison – Sacramento (CSP-Sac.). See id. Plaintiff presents two claims.

In his first claim, Plaintiff alleges Defendants D. Martinez and John Doe #1 unnecessarily restrained Plaintiff in waist and leg irons with the knowledge that Plaintiff has a medical condition that causes him to lose his balance and prevent him from catching himself. See id. at 11. According to the complaint, Plaintiff was scheduled for a medical appointment and escorted by Defendants Martinez and Doe #1. See id. Plaintiff claims he nearly fell when Martinez placed the chains on him and Plaintiff informed Defendants about his carpal tunnel and the pinched nerve in his back. See id. at 6-7. Plaintiff claims Martinez assured him that Martinez and Doe #1 would "have a hold of him as long as he was in leg-irons." Id. at 12.

Plaintiff claims he was then escorted to Holding Room #3 in Building-56, where Martinez instructed Plaintiff to sit until his appointment. See id. at 8. Plaintiff states that he informed Defendants of his concern that the room was unsanitary and, if he were left in the room alone, that he would be unable to protect himself if he fell in his restraints. See id. at 12. Plaintiff claims his concerns "were not taken seriously" and that Martinez "summoned Plaintiff to the door to grab a wet towel to clean the table" with the knowledge that Plaintiff has trouble standing on his own. Id. at 13. Plaintiff alleges that when he stood up, his leg chain caught on a bolt that anchored his stool to the cement. See id. at 10. Plaintiff claims he hit the floor and "split[] the skin above his left temple wide open, swelling his left eye partial closed, and severely bruised."

2

Id.

Accompanying Plaintiff's complaint are copies of form "CDCR 7219," also known as medical report of injury, from March 23 and March 26, 2021. The March 23 form reports active bleeding and a laceration on the left side of Plaintiff's face. See ECF No. 1, Ex, A., pg. 1. The March 26 form reports nine stitches and four dark brown spots around the laceration. See id. at 2. Plaintiff alleges that his injury was not properly documented. See id.

In his second claim, Plaintiff alleges that on March 26, 2021 – three days after Plaintiff's fall – Plaintiff was denied photographs of his injuries and the opportunity for a taped interview to document the incident. See id. at 16. Plaintiff claims his request was denied when Defendant Phillips learned the evidence would be used for a complaint against Defendants. See id. at 17. Plaintiff alleges that Phillips attempted "to interfere and/or obstruct Plaintiff from obtaining material evidence to bring civil litigation." Id.

## II. DISCUSSION

As to Plaintiff's first claim, the Court finds that Plaintiff states a cognizable claim against Defendant Martinez for a violation of the Eighth Amendment. Plaintiff's second claim, made against Defendant Phillips, is less clear in that he does not sufficiently state the legal basis of the claim. Specifically, while Plaintiff states that Defendant Phillips denied him photographs and a taped interview, it is unclear whether Plaintiff is alleging that he was unable to bring a grievance or whether Phillips prevented Plaintiff from filing with the courts. The Court will consider both possibilities.

To the extent Plaintiff's second claim is premised generally on availability of a particular grievance process, prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous district courts in this circuit have reached the same

conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).

Prisoners do, however, retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment. To the extent Plaintiff intends to bring a claim under the First Amendment related to access to an available grievance process or access to the courts, Plaintiff has not alleged sufficient facts to sustain a First Amendment claim based on denial of the ability to petition the government for redress.

Prisoners have a First Amendment right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures). This right includes petitioning the government through the prison grievance process. See id. Prison officials are required to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis, 518 U.S. at 356-57. Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits. See id. at 353 n.3 & 354-55. Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed. See id. at 354-55.

1  As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. Lewis, 518 U.S. at 362.

Plaintiff states in his second claim that he was denied certain documentation to support a grievance, specifically photographs and a video. Plaintiff's complaint, however, does not indicate that Defendant Phillips prevented Plaintiff from exercising his First Amendment right to petition for redress or that he sustained an actual injury as a result.

Plaintiff will be provided an opportunity to amend to cure these defects.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

5

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: June 7, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE