1

2

3

4

5

6

7

8
                    **IN THE UNITED STATES DISTRICT COURT**

9
                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11
NICHOLAS VOVOS,                              No.  2:21-CV-0837-KJM-DMC-P

12
                    Plaintiff,

13
        v.                                   FINDINGS AND RECOMMENDATIONS

14
D. MARTINEZ,

15
                    Defendant.

16

17
        Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42

18
U.S.C. § 1983.  Pending before the Court is Defendant's unopposed motion to dismiss, ECF No.

19
26.

20
        On June 8, 2021, the Court issued an order addressing the sufficiency of Plaintiff's

21
complaint.  See ECF No. 9.  The Court summarized Plaintiff's allegations as follows:

22
                    Plaintiff names the following as defendants: (1) D.
            Martinez; (2) John Doe #1; (3) John Doe #2; (4) John Doe #3; and (5) Sgt.

23
            Phillips. See ECF No. 1, pg. 1. According to Plaintiff, the events giving
            rise to the complaint occurred at California State Prison – Sacramento

24
            (CSP-Sac.).  See id.  Plaintiff presents two claims.
                    In his first claim, Plaintiff alleges Defendants D. Martinez

25
            and John Doe #1 unnecessarily restrained Plaintiff in waist and leg irons
            with the knowledge that Plaintiff has a medical condition that causes him

26
            to lose his balance and prevent him from catching himself. See id. at 11.
            According to the complaint, Plaintiff was scheduled for a medical

27
            appointment and escorted by Defendants Martinez and Doe #1.  See id.
            Plaintiff claims he nearly fell when Martinez placed the chains on him and

28
            Plaintiff informed Defendants about his carpal tunnel and the pinched

                                        1

nerve in his back.  See id. at 6-7. Plaintiff claims Martinez assured him that Martinez and Doe #1 would "have a hold of him as long as he was in leg-irons." Id. at 12.

Plaintiff claims he was then escorted to Holding Room #3 in Building-56, where Martinez instructed Plaintiff to sit until his appointment.  See id. at 8. Plaintiff states that he informed Defendants of his concern that the room was unsanitary and, if he were left in the room alone, that he would be unable to protect himself if he fell in his restraints. See id. at 12. Plaintiff claims his concerns "were not taken seriously" and that Martinez "summoned Plaintiff to the door to grab a wet towel to clean the table" with the knowledge that Plaintiff has trouble standing on his own. Id. at 13. Plaintiff alleges that when he stood up, his leg chain caught on a bolt that anchored his stool to the cement. See id. at 10. Plaintiff claims he hit the floor and "split[] the skin above his left temple wide open, swelling his left eye partial closed, and severely bruised." Id.

Accompanying Plaintiff's complaint are copies of form "CDCR 7219," also known as medical report of injury, from March 23 and March 26, 2021. The March 23 form reports active bleeding and a laceration on the left side of Plaintiff's face. See ECF No. 1, Ex, A., pg. 1. The March 26 form reports nine stitches and four dark brown spots around the laceration. See id. at 2. Plaintiff alleges that his injury was not properly documented. See id.

In his second claim, Plaintiff alleges that on March 26, 2021 – three days after Plaintiff's fall – Plaintiff was denied photographs of his injuries and the opportunity for a taped interview to document the incident.  See id. at 16. Plaintiff claims his request was denied when Defendant Phillips learned the evidence would be used for a complaint against Defendants.  See id. at 17. Plaintiff alleges that Phillips attempted "to interfere and/or obstruct Plaintiff from obtaining material evidence to bring civil litigation." Id.

ECF No. 9, pgs. 2-3.

The Court concluded that Plaintiff's complaint states a cognizable Eighth Amendment claim against Defendant Martinez based on the alleged use of excessive force and deliberate indifference to his safety and health, as outlined in Plaintiff's first claim.  See id. at 3. The Court otherwise found Plaintiff's complaint deficient.  See id. at 3-5.  After Plaintiff failed to file an amended complaint to address the defects identified by the Court, the Court issued findings and recommendations that this action proceed against Defendant Martinez on Plaintiff's first claim for excessive force and deliberate indifference to his safety and health.  See ECF No. 17.  Plaintiff did not file objections to the Court's findings and recommendations, which were adopted in full by the District Judge on May 23, 2022.  See ECF No. 25.

/ / /

/ / /

1    In his motion to dismiss, Defendant Martinez argues that Plaintiff has failed to

2   state a claim for excessive force.  See ECF No. 26-1.  Defendant concedes that Plaintiff's

3   deliberate indifference claim is cognizable, though Defendant denies the claim on the merits.  See

4   id. at 2, n.2.  As to Plaintiff's excessive force claim, Defendant argues that the facts alleged fails

5   to demonstrate deliberate indifference.  See id. at 5-6.  Specifically, Defendant points to

6   Plaintiff's allegation that the restraints caught on a bolt on the ground and that Plaintiff's fall was,

7   therefore, accidental.  See id.  Defendant also argues that he is entitled to qualified immunity on

8   Plaintiff's excessive force claim.  See id. at 6-8.

9    A review of the docket reflects that Defendant's motion was filed on June 21,

10   2022, and served on Plaintiff at his address of record.  See ECF No. 26-1, pg. 9 (proof of service).

11   As of August 15, 2022, Plaintiff had not filed an opposition and the Court issued a minute order

12   advising Plaintiff that the failure to file an opposition could be construed by the Court as consent

13   to the relief requested in Defendant's motion to dismiss.  See ECF No. 27.  The minute order

14   provided Plaintiff an additional 30 days to file an opposition.  See id.  The minute order was also

15   served on Plaintiff at his address of record.  See id.  To date, Plaintiff has not filed any opposition.

16   The Court agrees with Defendant's analysis and construes Plaintiff's failure to file an opposition

17   a consent to the relief requested in Defendant's motion.  See Local Rule 230(c), (l).

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

3

1        Based on the foregoing, the undersigned recommends that:

2            1.      Defendant's unopposed motion to dismiss, ECF No. 26, be granted;

3            2.      Plaintiff's excessive force claim against Defendant Martinez be dismissed;

4    and

5            3.      This action proceed against Defendant Martinez on Plaintiff's deliberate

6    indifference claim only.

7            These findings and recommendations are submitted to the United States District

8    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

9    after being served with these findings and recommendations, any party may file written

10   objections with the court.  Responses to objections shall be filed within 14 days after service of

11   objections.  Failure to file objections within the specified time may waive the right to appeal.  See

12   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13

14   Dated:  September 26, 2022

15                                          _____
                                            DENNIS M. COTA
16                                          UNITED STATES MAGISTRATE JUDGE

4