IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS VOVOS,<br><br>    Plaintiff,<br><br>    v.<br><br>D. MARTINEZ, et al.,<br><br>    Defendants. | No. 2:21-CV-0837-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's request for injunctive relief, ECF No. 29.

        The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public

1  interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot,
2  however, issue an order against individuals who are not parties to the action.  See Zenith Radio
3  Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Moreover, if an inmate is seeking
4  injunctive relief with respect to conditions of confinement, the prisoner's transfer to another
5  prison renders the request for injunctive relief moot, unless there is some evidence of an
6  expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975);
7  Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

8        Plaintiff requests two forms of injunctive relief.  See ECF No. 29, pg. 1.  First,
9  Plaintiff requests access to the law library at Mule Creek State Prison A-yard.  See id. at 1-2.
10 Second, Plaintiff requests assistance for his learning disability he claims impairs his reading and
11 writing abilities.  See id.

12       Plaintiff filed his complaint against Defendant Martinez on May 7, 2021.  See ECF
13 No. 1.  The Court screened Plaintiff's complaint and held that his claim against Martinez should
14 proceed.  See ECF No. 17.  Here, Plaintiff states that "ever since [he] filed this complaint [he] has
15 gone through a nightmare" and has been "denied access to the law library, legal material, writing
16 supplies, and assistance" and was also "denied ADA help."  See ECF No. 29, pg. 1.  Plaintiff
17 further alleges that although he was officially granted ADA help, in reality, the ADA help is
18 being denied.  See id.  In addition to the ADA help, Plaintiff states that he has "a chrono from
19 CDCR" for his learning disability, but "[his] needs are not being met."  See id.

20       The Winter test requires the party moving for injunctive relief to demonstrate a
21 likelihood of success on the merits of the case.  Here, Plaintiff has failed to demonstrate that he is
22 likely to succeed on the merits of his original complaint.  Plaintiff suggests that his lack of access
23 to legal resources and lack of reading and writing assistance makes it more difficult for him to
24 successfully advocate for himself.  See ECF No. 29, pg. 1.  This general assertion loosely
25 connects Plaintiff's request for injunctive relief to his pending case.  However, Plaintiff's request
26 for injunctive relief offers no evidence that he is likely to succeed on the merits of the case.
27 Plaintiff does not indicate that the granting of injunctive relief will increase his access to evidence
28 regarding his claim, nor does Plaintiff submit any other evidence to indicate that his claim is

likely to succeed.  Thus, Plaintiff has not demonstrated that he is likely to succeed on the merits of his case.

The Winter test also requires Plaintiff to demonstrate he is likely to suffer irreparable harm in the absence of an injunction.  Here, Plaintiff states that because he is denied help with reading and writing that he has gone through a "nightmare."  See ECF No. 29, pg. 1.  Plaintiff claims that due to the denial of help, he "had to have [his family] tell [him] how to write/spell this letter while [he was] on the phone with them."  See id.  Plaintiff has alleged that, without injunctive relief, he is subjected to a great inconvenience, but this inconvenience amounts to increased difficulty or delays, not a harm which is irreparable.

Based on the foregoing, the undersigned recommends that Plaintiff's request for injunctive relief, ECF No. 29,  be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 22, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE