IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS VOVOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. MARTINEZ,<br><br>　　　　Defendant. | No. 2:21-CV-0837-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Defendant's unopposed motion to dismiss, ECF No. 26.

　　　　In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

# I. BACKGROUND

On June 8, 2021, the Court issued an order addressing the sufficiency of Plaintiff's complaint. See ECF No. 9. The Court summarized Plaintiff's allegations as follows:

> Plaintiff names the following as defendants: (1) D. Martinez; (2) John Doe #1; (3) John Doe #2; (4) John Doe #3; and (5) Sgt. Phillips. See ECF No. 1, pg. 1. According to Plaintiff, the events giving rise to the complaint occurred at California State Prison – Sacramento (CSP-Sac.). See id. Plaintiff presents two claims.
>
> In his first claim, Plaintiff alleges Defendants D. Martinez and John Doe #1 unnecessarily restrained Plaintiff in waist and leg irons with the knowledge that Plaintiff has a medical condition that causes him to lose his balance and prevent him from catching himself. See id. at 11. According to the complaint, Plaintiff was scheduled for a medical appointment and escorted by Defendants Martinez and Doe #1. See id. Plaintiff claims he nearly fell when Martinez placed the chains on him and Plaintiff informed Defendants about his carpal tunnel and the pinched nerve in his back. See id. at 6-7. Plaintiff claims Martinez assured him that Martinez and Doe #1 would "have a hold of him as long as he was in leg-irons." Id. at 12.
>
> Plaintiff claims he was then escorted to Holding Room #3 in Building-56, where Martinez instructed Plaintiff to sit until his appointment. See id. at 8. Plaintiff states that he informed Defendants of his concern that the room was unsanitary and, if he were left in the room alone, that he would be unable to protect himself if he fell in his restraints. See id. at 12. Plaintiff claims his concerns "were not taken seriously" and that Martinez "summoned Plaintiff to the door to grab a wet towel to clean the table" with the knowledge that Plaintiff has trouble standing on his own. Id. at 13. Plaintiff alleges that when he stood up, his leg chain caught on a bolt that anchored his stool to the cement. See id. at 10. Plaintiff claims he hit the floor and "split[] the skin above his left temple wide open, swelling his left eye partial closed, and severely bruised." Id.
>
> Accompanying Plaintiff's complaint are copies of form "CDCR 7219," also known as medical report of injury, from March 23 and March 26, 2021. The March 23 form reports active bleeding and a laceration on the left side of Plaintiff's face. See ECF No. 1, Ex, A., pg. 1. The March 26 form reports nine stitches and four dark brown spots around the laceration. See id. at 2. Plaintiff alleges that his injury was not properly documented. See id.
>
> In his second claim, Plaintiff alleges that on March 26, 2021 – three days after Plaintiff's fall – Plaintiff was denied photographs of his injuries and the opportunity for a taped interview to document the incident. See id. at 16. Plaintiff claims his request was denied when Defendant Phillips learned the evidence would be used for a complaint against Defendants. See id. at 17. Plaintiff alleges that Phillips attempted "to interfere and/or obstruct Plaintiff from obtaining material evidence to bring civil litigation." Id.

ECF No. 9, pgs. 2-3.

///

///

3

The Court concluded that Plaintiff's complaint states a cognizable Eighth Amendment claim against Defendant Martinez based on the alleged use of excessive force and deliberate indifference to his safety and health, as outlined in Plaintiff's first claim. See id. at 3. The Court otherwise found Plaintiff's complaint deficient. See id. at 3-5. After Plaintiff failed to file an amended complaint to address the defects identified by the Court, the Court issued findings and recommendations that this action proceed against Defendant Martinez on Plaintiff's first claim for excessive force and deliberate indifference to his safety and health. See ECF No. 17. Plaintiff did not file objections to the Court's findings and recommendations, which were adopted in full by the District Judge on May 23, 2022. See ECF No. 25.

Defendant responded to Plaintiff's complaint by way of a motion to dismiss. See ECF No. 26. Plaintiff failed to file an opposition. On September 27, 2022, the Court issued findings and recommendations that Defendant's motion be granted as unopposed pursuant to Local Rule 230(c), (l). See ECF No. 28. On March 30, 2023, the District Judge issued an order referring Defendants' unopposed motion back to the undersigned for further consideration on the merits. See ECF No. 30. To date, Plaintiff has not filed any opposition to Defendant's motion to dismiss.

## II. DISCUSSION

In his motion to dismiss, Defendant Martinez argues that Plaintiff has failed to state a claim for excessive force. See ECF No. 26-1. Defendant concedes that Plaintiff's deliberate indifference claim based on medical needs is cognizable, though Defendant denies the claim on the merits. See id. at 2, n.2. As to Plaintiff's excessive force claim, Defendant argues that the facts alleged fail to demonstrate deliberate indifference. See id. at 5-6. Specifically, Defendant points to Plaintiff's allegation that the restraints caught on a bolt on the ground and that Plaintiff's fall was, therefore, accidental. See id.

/ / /

/ / /

/ / /

4

A review of the docket reflects that Defendant's motion was filed on June 21, 2022, and served on Plaintiff at his address of record.  See ECF No. 26-1, pg. 9 (proof of service).  To date, and after the District Judge's order, Plaintiff had not filed an opposition.  The Court construes Plaintiff's failure to file an opposition as "a waiver of any opposition to the granting of the motion. . . ."  See Local Rule 230(c), (l).  To enforce this rule, the Court finds that, by failing to file an opposition to Defendant's motion, Plaintiff has waived opposition to granting the relief requested.

Pursuant to the District Judge's order, the undersigned also considers the merits of Defendant's argument that Plaintiff's claim of excessive force necessarily fails because Plaintiff alleges that he was injured due to an accident and not deliberate indifference.  According to Defendant:

> The allegations in the Complaint are not sufficient to show either the objective or subjective elements of an excessive force claim. The allegations are insufficient to show that Defendant acted with a culpable state of mind or that his conduct was objectively harmful. (citation omitted). According to the Complaint, Defendant put waist and leg restraints on Plaintiff consistent with CDCR policy. (Compl. at 11-12) Defendant carefully escorted Plaintiff to a holding cell without incident and told Plaintiff that he would not let Plaintiff fall. (*Id*. at 13, ¶9.) Defendant provided Plaintiff with cleaning supplies after Plaintiff complained that the holding cell was dirty. (Cite.) While reaching for the cleaning supplies, Plaintiff's leg restraints got caught on a large bolt on the ground and Plaintiff tripped, injuring himself. (*Id*. at 15-16.) These allegations are not sufficient to state an excessive force claim.
> The allegations pled in the Complaint do not show that Defendant used any force, let alone excessive force. The Complaint does not show that Defendant caused the "unnecessary and wanton infliction of pain," (citation omitted), or that Defendant's conduct was malicious and sadistic to cause harm and not a good faith effort to maintain or restore discipline . . . . Here, the allegations show that Plaintiff's restraints caught on a bolt on the ground, causing him to fall. (Compl. at 15-16.) These allegations are not sufficient to show that Defendant intended to harm Plaintiff. (citation omitted). Because the Complaint fails to show that Defendant used force, let alone excessive force, and because the Complaint does not allege facts showing that Defendant intended to harm Plaintiff, the excessive force claim should be dismissed.

ECF No. 26-1, pgs. 5-6.

The Court agrees with Defendant.  Plaintiff state in the complaint that, due to being in restraints, he was concerned that he would fall.  See ECF No. 1, pg. 13.  Plaintiff also alleges that he was assured by Defendant Martinez that he and another correctional officer would

not let Plaintiff fall and would have "ahold of him as long as he is in the restraints." Id. Plaintiff was instructed to stay seated until it was time to be moved. See id. at 14. Next, Plaintiff states that he "stood up and realized the chain attached to the leg-irons was caught on a large bolt holding the base of the stool bolted in the concrete floor." Id. at 15. This caused Plaintiff to fall. See id. at 16. As Defendant notes, these allegations show that Plaintiff's fall and resulting injury were the result of an accident and not Defendant's deliberate indifference.

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1. Defendant's unopposed motion to dismiss, ECF No. 26, be GRANTED.
2. Plaintiff's excessive force claim against Defendant Martinez be dismissed.
3. This action proceed against Defendant Martinez on Plaintiff's Eighth Amendment claims relating to safety and health only.
4. Defendant Martinez be required to file an answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 7, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE