IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS VOVOS, | No. 2:21-cv-00837-KJM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| D. MARTINEZ, et al., | |
| Defendants. | |

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

    On June 23, 2023, the Magistrate Judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within the time specified therein. No objections to the findings and recommendations have been filed.

    The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey,* 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . ."). Having reviewed the file, the court finds the findings and recommendations to be supported by the record.

1

In addition to adopting the magistrate judge's findings, the court notes plaintiff does not indicate whether it is the named defendant who has prevented plaintiff from accessing the law library. It is also unclear whether defendant is responsible for providing plaintiff with the requested legal assistance. As the magistrate judge notes, the court cannot "issue an order against individuals who are not parties to the action." *See* F. & R. at 2, ECF No. 32 (citing *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 112 (1969)). Additionally, "[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). Because plaintiff seeks an order against those who are not parties to this action and because plaintiff seeks relief based on claims that were not pled in the complaint, the court finds it does not have the authority to grant plaintiff's requests.

The court, however, is concerned by plaintiff's alleged inability to access the law library. To the extent the lack of library access has prevented plaintiff from prosecuting this case, the court notes he may be able to pursue other avenues of relief. For example, plaintiff "may seek an extension of time with the court to comply with a court-ordered deadline or he may attach a copy of the court's order to his request to access the law library to demonstrate to correctional officials that he is under a court-ordered deadline." *See Felde v. Wilkins*, No. 19-000339, 2021 WL 1050680, at *3 (E.D. Cal. Mar. 19, 2021), *report and recommendation adopted*, No. 19-00339, 2021 WL 1966073 (E.D. Cal. May 17, 2021).

Accordingly, IT IS HEREBY ORDERED that:

    1.    The findings and recommendations filed June 23, 2023, are adopted in full;

    2.    Plaintiff's motion for injunctive relief, ECF No. 29, is denied; and

    3.    This matter is referred back to the assigned Magistrate Judge for further proceedings.

DATED: August 21, 2023.

CHIEF UNITED STATES DISTRICT JUDGE